Justin Gilmore
6501 E 9th Ave
Anchorage AK 99504
907-947-6522

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RECEIVED
SEP 1 3 2016
Clerk, U.S. District Court
Anchorage, A.K.

JUSTIN RICHARD GILMORE,

PLAINTIFF

VS.

CORNERSTONE CREDIT SERVICES, L.L.C.

DEFENDANT

Case No.

**Trial By Jury Demanded**

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by Justin Richard Gilmore for Cornerstone Credit Services, L.L.C.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA),

2. Gilmore seeks to recover monetary damages and costs for Cornerstone's violations of the FDCPA.

3. Service may be made upon Cornerstone in any other district in which it may be found under 29 U.S.C. §1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Gilmore's action occurred in this district, where Gilmore resides in this district, and/or where Cornerstone transacts business in this district.

## PARTIES

6. Gilmore is an individual who at all times resides in Anchorage, Alaska.

7. Gilmore is a "consumer" as defined by 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

8. At all times relevant, Cornerstone acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Gilmore.

9. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family or household purposes.

10. On information and belief, Cornerstone is a limited liability company of the state of Alaska, which has its principal place of business in Anchorage, Alaska.

## FACTS COMMON TO ALL COUNTS

11. On June 29, 2016, an employee, agent and/or representative of Cornerstone who identified herself as "Penny Singleton" placed a telephone call to Gilmore in an attempt to collect the alleged debt. During the phone call, "Penny" stated that, "I have a balance to Anchorage Fracture & Orthopedic in the amount of $282.02." Gilmore argued that he did not agree to that

amount and expressed it was incorrect. Penny said, "the original amount of $279 occurred interest." Gilmore requested Penny to send a dunning letter. Penny never mentioned that Gilmore had the right to dispute the alleged debt.

12. On or about July 1, 2016, Gilmore received the initial correspondence from Cornerstone (Exhibit A). In the letter, the right to dispute the validity of the alleged debt within 30 days is not in their initial communication. Also, the right to have verification/judgment mailed to Gilmore is not located in the correspondence. Cornerstone's actions attempting to collect the alleged debt violates federal law, including 15 U.S.C. § 1692g(a)(3), (4)

13. On or about July 12, 2016, Gilmore sent a debt validation letter to Cornerstone.

14. On or about July 22, 2016, Cornerstone responded to Gilmore's debt validation letter with documents (Exhibits B-F) regarding the alleged account with Anchorage Fracture & Orthopedic. One of the documents included was a ledger from Cornerstone's records that showed May 20, 2016 as the date the alleged account was referred to Cornerstone, an initial balance of $279.00, 10 percent interest, and a total amount of 283.65.

15. To date, Gilmore has yet to receive any correspondence from Cornerstone with the right to dispute within 30 days or the right to have verification/judgment mailed to the consumer contained within it.

16. Gilmore contacted Anchorage Fracture & Orthopedic on or about August 15, 2016, to inquire about what was agreed to when services were rendered. The representative explained that they sold the account to Cornerstone and when asked about if they charge interest on their defaulted accounts, the representative was heard to say no. He also was heard to say he would send the financial policy for Gilmore's review (Exhibit G).

17. Cornerstone willfully imposes interest on all of their accounts without consent from the consumer. Gilmore received the financial policy/contract from Anchorage Fracture & Orthopedic on or about August 19, 2016. The financial policy/contract Gilmore agreed upon does not authorize collection costs or interest. Therefore, Cornerstone's imposition of interest on the alleged account is a breach of the financial policy/contract that Gilmore agreed to and is in violation of the FDCPA.

18. In its attempt to collect the alleged debt as outlined above, Cornerstone damaged Gilmore and violated the FDCPA.

19. Concretely, after the June 29, 2016 phone call from Cornerstone, Gilmore experienced a severe migraine due to stress and has trouble sleeping.

20. As a result of Cornerstone's actions as outlined above, Gilmore has suffered and continues to suffer from stress, aggravation, and loss of happiness.

## COUNT I

21. Gilmore alleges and incorporates paragraphs one (1) through twenty (20) as if reiterated herein.

22. Cornerstone violated 15 U.S.C. § 1692e(2) by falsely representing the amount of the alleged debt. The contract Gilmore signed did not include interest of any kind. Cornerstone knew or should have known interest was not authorized by the contract.

**WHEREFORE**, Gilmore prays for the following relief:

a. A trial by jury on issues so triable;

b. Judgment against Cornerstone for actual damages suffered as a direct and proximate result of Cornerstone's violations of the FDCPA, under 15 U.S.C. § 1692k(a)(1);

c. Judgment against Cornerstone for statutory damages for each violation of the act, costs, interest, attorney fees, and any other such relief the court may deem just and proper.

## COUNT II

23. Gilmore alleges and incorporates the information in paragraphs 1 through 20 as though reiterated herein.

24. Cornerstone violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with a collection of the alleged debt.

**WHEREFORE**, Gilmore prays for the following relief:

    a. A trial by jury on issues so triable;

    b. Judgment against Cornerstone for actual damages suffered as a direct and proximate result of Cornerstone's violations of the FDCPA, under 15 U.S.C. § 1692k(a)(1);

    c. Judgment against Cornerstone for statutory damages for each violation of the act, costs, interest, attorney fees, and any other such relief the court may deem just and proper.

## COUNT III

25. Gilmore alleges and incorporates the information in paragraphs 1 through 20 as though reiterated herein.

26. Cornerstone violated 15 U.S.C. 1692e(10) by using a false, deceptive, and/or misleading representation of means in connection with the collection of the alleged debt and/or to obtain information about Gilmore

**WHEREFORE**, Gilmore prays for the following relief:

a. A trial by jury on issues so triable;

   b. Judgment against Cornerstone for actual damages suffered as a direct and proximate result of Cornerstone's violations of the FDCPA, under 15 U.S.C. § 1692k(a)(1);

   c. Judgment against Cornerstone for statutory damages for each violation of the act, costs, interest, attorney fees, and any other such relief the court may deem just and proper.

### COUNT IV

27. Gilmore alleges and incorporates the information in paragraphs 1 through 20 as though reiterated herein.

28. Cornerstone violated 15 U.S.C. § 1692g(a)(3) by not stating the right to dispute within 30 days in its initial communication or correspondence to Gilmore.

**WHEREFORE**, Gilmore prays for the following relief:

   a. A trial by jury on issues so triable;

   b. Judgment against Cornerstone for actual damages suffered as a direct and proximate result of Cornerstone's violations of the FDCPA, under 15 U.S.C. § 1692k(a)(1);

   c. Judgment against Cornerstone for statutory damages for each violation of the act, costs, interest, attorney fees, and any other such relief the court may deem just and proper.

### COUNT V

29. Gilmore alleges and incorporates the information in paragraphs 1 through 20 as though reiterated herein.

30. Cornerstone violated 15 U.S.C. § 1692g(a)(4) by not stating the right to have verification/judgment mailed to Gilmore in its initial correspondence or communication.

**WHEREFORE**, Gilmore prays for the following relief:

   a. A trial by jury on issues so triable;

   b. Judgment against Cornerstone for actual damages suffered as a direct and proximate result of Cornerstone's violations of the FDCPA, under 15 U.S.C. § 1692k(a)(1);

   c. Judgment against Cornerstone for statutory damages for each violation of the act, costs, interest, attorney fees, and any other such relief the court may deem just and proper.

Respectfully Submitted,

X _____
Justin Gilmore