LAW OFFICE OF DATTAN SCOTT DATTAN
Brian D. Heady
2600 Denali Street, Suite 460
Anchorage, AK  99503
Phone:  (907) 276-8008
Fax:  (907) 278-8571
E-mail:  bheady@dattanlaw.com

Attorney for Defendant, Cornerstone Credit Services, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JUSTIN RICHARD GILMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CORNERSTONE CREDIT SERVICES, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. 3:16-CV-00214-TMB |

**<u>OPPOSITION TO MOTION TO COMPEL ANSWERS TO INTERROGATORIES</u>**

Cornerstone Credit Services, LLC (Cornerstone), by and through counsel, hereby submits this Opposition to Motion to Compel Answers to Interrogatories.

Initially, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery in an effort to obtain it without court action."    (Fed. R. Civ. P. 37(a)(1). Mr. Gilmore states at page 2, paragraph 2 of his Motion that he:  "in good faith conferred with counsel to obtain proper responses without court intervention."

Cornerstone disputes Mr. Gilmore's assertion regarding Rule 37(a)(1).  The only discussion between Cornerstone and Mr. Gilmore regarding Cornerstone's response to

Justin Richard Gilmore v. Cornerstone Credit Services, LLC, 3:16-CV-00214TMB
Opposition to Motion to Compel Answers to Interrogatories
Page **1** of **5**

Case 3:16-cv-00214-TMB   Document 11   Filed 01/30/17   Page 1 of 5

Mr. Gilmore's discovery request was a single email exchange between Mr. Gilmore and the undersigned. (Ex. 1)[1] In the emails, Mr. Gilmore stated in pertinent part: "I will file a motion to compel proper responses to the interrogatories unless you agree to correct your responses in 21 days." Mr. Gilmore's email did not specify which Interrogatory he believed needed correcting nor did he provide any reasons to support his assertions.

In response to Mr. Gilmore's email, the undersigned stated in pertinent part: I will be out of the office from December 24, 2016 to January 9, 2017. I respectfully request, as a professional courtesy, that if you elect to file a motion to compel, you wait until I return to the office." (Ex. 1)

Based on Exhibit 1, Cornerstone respectfully submits that Mr. Gilmore's "certification" that he in good faith conferred or attempted to confer with Cornerstone prior to filing his Motion to Compel is patently incorrect.

At page 2, paragraph 1 of his Motion to Compel, Mr. Gilmore references his "demand" for a confidentiality agreement. Mr. Gilmore provides as an exhibit an email chain during October of 2016 in which the parties were discussing the Rule 26(f) parties planning conference prior to filing the Scheduling and Planning Conference Report. Although Mr. Gilmore's argument lacks essential detail, it appears that Mr. Gilmore mistakenly believes that if the parties had executed a confidentiality agreement, Cornerstone would then be required to disclose information protected by the attorney/client privilege.

In his Motion to Compel, Mr. Gilmore states that he "found dilatory and obstructive responses to questions 3 and 7." (Motion to Compel at page 2, paragraph 3)

---

[1] Typically, the plaintiff uses numbers to identify exhibits and the defendant uses letters. Mr. Gilmore used letters to identify his exhibits. To avoid confusion, Cornerstone is using numbers.

Justin Richard Gilmore v. Cornerstone Credit Services, LLC, 3:16-CV-00214TMB
Opposition to Motion to Compel Answers to Interrogatories
Page **2** of **5**

Case 3:16-cv-00214-TMB   Document 11   Filed 01/30/17   Page 2 of 5

Mr. Gilmore did not provide the Court with a copy of his "First Set of Interrogatories to Defendant, Cornerstone Credit Services, LLC." A copy is attached hereto as Exhibit 2.

Mr. Gilmore's Motion to Compel does not provide any substantive argument to support his assertion that Cornerstone's responses to Interrogatories 3 and 7 were "dilatory and obstructive." As noted above, the paucity of detail renders it difficult for Cornerstone to properly craft a counter-argument.

Specifically, Mr. Gilmore's Interrogatory No. 3 states as follows:

> Identify all documents and the location and content of each, that refer or relate to any correspondence or communication of any sort or kind between you and any other defendant in this action, relating to or referring to the facts, acts, events, or matters alleged in plaintiff's Complaint or your answer and/or any defense or denials thereto. (Ex. 2 at 6)

Cornerstone responded to Interrogatory No. 3 as follows:

> Objection. This Interrogatory seeks information protected by attorney/client privilege.
>
> Objection. Interrogatories 1-9 exceed the number of allowable Interrogatories. (See Motion to Compel, Ex. C)

Mr. Gilmore did not dispute that the requested information is protected by the attorney/client privilege. Additionally, Mr. Gilmore did not dispute that his Interrogatories exceed the number permitted by Federal Rule of Civil Procedure 33(a)(1) which limits the number of interrogatories to "no more than 25 written interrogatories, *including all discrete subparts*." Mr. Gilmore's nine total interrogatories easily exceed twenty-five "discrete subparts." [2]

---

[2] Interrogatory No 5 alone, for example, contains more than 25 discrete subparts.

Justin Richard Gilmore v. Cornerstone Credit Services, LLC, 3:16-CV-00214TMB
Opposition to Motion to Compel Answers to Interrogatories
Page **3** of **5**

Case 3:16-cv-00214-TMB   Document 11   Filed 01/30/17   Page 3 of 5

Mr. Gilmore's Interrogatory No. 7 states as follows:

> Identify all communication and correspondence you have had or exchanged with any person regarding the complaint and the subject matter of this lawsuit, either before or since the filing of the Complaint.

Cornerstone responded to Interrogatory No. 7 as follows:

> Objection. The Interrogatory is vague; the word "communication" is subject to numerous succinct definitions. Objection. The Interrogatory seeks information protected by attorney/client privilege. Objection. The time frame "either before or since" lacks discernable parameters. Objection. Interrogatories 1-9 exceed the number of allowable Interrogatories.

Similar to Mr. Gilmore's Motion to Compel with respect to Interrogatory No. 3, Mr. Gilmore does not dispute the gravamen of Cornerstone's objections. Rather, as with Interrogator No. 3, he simply argues that the responses are obstructive and dilatory.

As previously stated, it appears that because Cornerstone did not see the need for a confidentiality agreement, Mr. Gilmore believes that he is entitled to information specifically protected by the attorney/client privilege. Yet, as noted in Mr. Gilmore's Exhibit B, this case presents a claim against Cornerstone for an alleged violation of the Fair Debt Collection Practices Act. Trade secrets, patent rights, and sensitive technical information, the typical reasons for confidentiality agreements, are simply not at issue. Even if a confidentiality agreement had been signed in this case it *still* would not mean that matters protected by the attorney/client privilege could be disclosed.

Mr. Gilmore's Motion to Compel must be denied. The parties did not confer pursuant to Fed. R. Civ. P. 37(a)(1). Mr. Gilmore did not dispute that his Interrogatories and subparts exceed the allowable number under Fed. R. Civ. P. 33(a)(1). Mr. Gilmore did not dispute that the Interrogatory No. 7 was vague and lacked discernable parameters. Mr. Gilmore did not dispute that Interrogatory Nos. 3 and 7 were protected by the

Justin Richard Gilmore v. Cornerstone Credit Services, LLC, 3:16-CV-00214TMB
Opposition to Motion to Compel Answers to Interrogatories
Page **4** of **5**

Case 3:16-cv-00214-TMB   Document 11   Filed 01/30/17   Page 4 of 5

attorney/client privilege. More importantly, Mr. Gilmore's Motion to Compel is so vacuous that it is virtually impossible to grasp the true gravamen of his motion.

Accordingly, Cornerstone Credit Services, LLC, respectfully requests that Mr. Gilmore's Motion to Compel be denied.

Respectfully submitted this 30th day of January 2017

By: /s/ Brian Heady<br>
Attorney for Cornerstone Credit Services, LLC<br>
Law Office of Dattan Scott Dattan<br>
2600 Denali Street, Suite 460<br>
Anchorage, Alaska 99503<br>
Email: bheady@dattanlaw.com<br>
AK Bar No. 0709051

Certificate of service

I hereby certify that a true and correct copy of the foregoing Opposition to Motion to Compel Answers to Interrogatories was served by mail to:

Justin Richard Gilmore

This 30th day of January, 2017

/s/ Brian Heady

Justin Richard Gilmore v. Cornerstone Credit Services, LLC, 3:16-CV-00214TMB
Opposition to Motion to Compel Answers to Interrogatories
Page **5** of **5**

Case 3:16-cv-00214-TMB   Document 11   Filed 01/30/17   Page 5 of 5